```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF TENNESSEE
                        WESTERN DIVISION
```

|  |  |
|---|---|
| KEITH A. LINDSEY, | |
| Petitioner, | |
| vs. | No. 06-2022-B/V |
| BRUCE PEARSON, | |
| Respondent. | |

ORDER DENYING PETITION PURSUANT TO 28 U.S.C. § 2241
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
NOTICE OF APPELLATE FILING FEE

Petitioner Keith A. Lindsey, Bureau of Prisons inmate registration number 18254-076, an inmate at the Federal Correctional Institution in Memphis ("FCI-Memphis"), filed a pro se petition pursuant to 28 U.S.C. § 2241 on January 12, 2006. The Court issued an order on January 23, 2006 directing the petitioner, within thirty (30) days, to file an in forma pauperis affidavit or pay the habeas filing fee. Lindsey paid the habeas filing fee on February 21, 2006.

On July 15, 2002, a federal grand jury sitting in this district returned a four-count indictment against the petitioner. The first count charged him with possession of approximately fifty-five (55) grams of a mixture and substance containing a detectable

amount of methamphetamine with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1). The second count contended Lindsey possessed approximately 1350 grams of marijuana with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1). The third count charged the inmate with possession of two firearms during and in relation to the drug-trafficking crimes set forth in the first two counts, in violation of 18 U.S.C. § 924(c). The fourth count charged him with possession of two destructive devices, more specifically two hand grenades, during and in relation to the drug-trafficking crimes set forth in the first two counts, in violation of 18 U.S.C. § 924(c). The grand jury returned a superseding indictment on August 19, 2002 that added a fifth count against Lindsey for knowing receipt and possession of two unregistered hand grenades, in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871.

On October 22, 2002, the grand jury returned a second superseding indictment that did not add to or remove any of the previous counts. A third superseding indictment was returned on January 27, 2003 which included three additional counts involving conduct alleged to have occurred while Lindsey was released on bond in this case. The sixth count charged the petitioner with possession of a mixture or substance containing a detectable amount of methamphetamine with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1). The seventh count claimed Lindsey possessed

approximately 738.6 grams of marijuana with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1). The eighth count charged the inmate with possession of two firearms during and in relation to the drug-trafficking crimes alleged in counts six and seven, in violation of 18 U.S.C. § 841.

Pursuant to a written plea agreement, Lindsey appeared before Chief Judge James D. Todd on July 10, 2003 to enter a guilty plea to the fourth count of the third superseding indictment. The plea agreement provided in part as follows:

> 5. The parties agree that the appropriate disposition of Count 4 is a specific sentence of thirty (30) years. The parties agree that the sentencing guidelines have been reviewed by both parties and that such a specific sentence is appropriate.
>
> 6. The Defendant understands that Title 18 United States Code, Section 4742 gives the right to appeal the sentence imposed by the District Court. Acknowledging this, the Defendant knowingly, intelligently, and voluntarily waives the right to appeal any sentence imposed by the court and the manner in which the sentence is determined so long as the sentence is within the statutory limits. The Defendant expressly waives the right to appeal the conviction and/or sentence on any ground provided the Court accepts such plea agreement and does not sentence Defendant to a term greater than that agreed to as set forth in the Agreement. The Defendant understands and acknowledges that the sentence will be determined and imposed by the District Court Judge pursuant to the United States Sentencing Guidelines. <u>The Defendant understands that the Court has jurisdiction and authority to impose any sentence up to the statutory maximum established for the offense and expressly waives the right to appeal the sentence, directly or collaterally, on any ground</u> except for: 1) an upward departure by the sentencing judge; 2) a sentence in excess of the agreed term; or 3) a

> sentence in violation of law apart from the Sentencing Guidelines. The Government agrees not to seek an upward departure and the Defendant agrees not to seek a downward departure. (Emphasis added.)

Judge Todd issued an order accepting the guilty plea on July 11, 2003. On April 7, 2004, Judge Todd conducted a sentencing hearing, at which time Lindsey was sentenced to thirty (30) years imprisonment, to be followed by a three-year period of supervised release. Judgment was entered on April 8, 2004. The petitioner did not appeal.

Lindsey filed a motion, entitled "Petition For Extraordinary Relief To Include, But Not Limited Thereto: Issuance of a Writ of Habeas Corpus; or Issuance of a Writ of Audita Querela; or Issuance of a Writ of Prohibition; or Issuance of a Writ of Mandamus; or for an Order to Vacate, Set Aside, or Correct Judgment; or for Order Enjoining Further Execution of a Judgment that, as a Matter of Law, has Become Void and Has No Further Force or Effect Whatsoever; or for Issuance of Such Writ, Writs, Orders or Decrees, Within the Jurisdiction of the Court to Issue, to Grant Such Further, or Ancillary Relief as the Court Deems Just and Proper," in the Eastern Division of this district on March 1, 2005, seeking relief from the sentence imposed on the basis of the Supreme Court's decisions in Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005). That motion, which was docketed as brought pursuant to 28 U.S.C. § 2255, is pending.

Lindsey has now filed a § 2241 petition in this division, arguing that his criminal judgment is void in light of <u>Booker</u>.

Habeas corpus would be available to the inmate if "the issues raised more accurately challenged the execution of the sentence than its imposition." <u>Wright v. United States Bd. of Parole</u>, 557 F.2d 74, 78 (6th Cir. 1977). "Section 2255 . . . has been conceived to be limited to those claims which arise from the imposition of the sentence as distinguished from claims attacking the execution of the sentence." <u>Id.</u> at 77; <u>cf.</u> <u>United States v. Jalili</u>, 925 F.2d 889, 893 (6th Cir. 1991) ("Because defendant Jalili is challenging the manner in which the sentence is executed, rather than the validity of the sentence itself, Section 2255 does not apply."). For federal prisoners seeking habeas-type relief, the only remedy is through a motion to vacate pursuant to 28 U.S.C. § 2255. <u>Charles v. Chandler</u>, 180 F.3d 753, 755-56 (6th Cir. 1999) (per curiam); <u>In re Hanserd</u>, 123 F.3d 922, 933 (6th Cir. 1997).

Federal prisoners may obtain habeas corpus relief pursuant to 28 U.S.C. § 2241 only under limited circumstances. The fifth paragraph of § 2255, known as the "savings clause," provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

5

28 U.S.C. § 2255. The petitioner carries the burden of demonstrating that the savings clause applies. Charles, 180 F.3d at 756.

The Sixth Circuit has construed the savings clause narrowly:

> Significantly, the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied . . . , or because the petitioner is procedurally barred from pursuing relief under § 2255 . . . , or because the petitioner has been denied permission to file a second or successive motion to vacate.

Charles, 180 F.3d at 756; see also Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988) ("A remedy is not inadequate or ineffective under section 2255 merely because the sentencing court denied relief on the merits."). Furthermore, the § 2255 remedy is not inadequate or ineffective merely because, as here, the one-year statute of limitations has expired. Charles, 180 F.3d at 758.

Subsequent to the decision in Charles, the Sixth Circuit reemphasized the narrow scope of the savings clause:

> The circumstances under which § 2255 is inadequate and ineffective are narrow, for to construe § 2241 relief much more liberally than § 2255 relief would defeat the purpose of the restrictions Congress placed on the filing of successive petitions for collateral relief. . . . As we explained in Charles, "[t]he remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255."

6

United States v. Peterman, 249 F.3d 458, 461 (6th Cir. 2001) (quoting Charles, 180 F.3d at 758)).[1]

To obtain relief pursuant to 28 U.S.C. § 2241, the habeas petitioner must be "actually innocent" of the crime of which he has been convicted. Martin v. Perez, 319 F.3d 799, 804-05 (6th Cir. 2003); Charles, 180 F.3d at 757 ("No circuit court has to date permitted a post-AEDPA petitioner who was not effectively making a claim of 'actual innocence' to utilize § 2241 (via § 2255's 'savings clause') as a way of circumventing § 2255's restrictions on the filing of second or successive habeas petitions."); see also Peterman, 249 F.3d at 462 ("Without determining the exact scope of the savings clause, we conclude that defendants' claims do not fall within any arguable construction of it because defendants have not shown an intervening change in the law that establishes their actual innocence."). "A petitioner must show factual innocence, not mere legal insufficiency, to raise such a claim." Gesuale v. Sanders, 63 Fed. Appx. 875, 876 (6th Cir. May 14, 2003); see also Bousley v. United States, 523 U.S. 614, 623 (1998).

Lindsey is not entitled to relief pursuant to Booker in this § 2241 petition for several reasons. First, this claim goes to

---

[1] See also Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999) (the entire federal criminal procedure statutory scheme, encompassing trial, direct appeal, and one opportunity for collateral review, ensures that "a petitioner will have had 'an unobstructed procedural shot at getting his sentence vacated.' . . . That does not mean that he took the shot, or even that he or his attorney recognized the shot was there for the taking. All the Constitution requires, if it requires that much, is that the procedural opportunity have existed.") (quoting In re Davenport, 147 F.3d 605, 609 (7th Cir. 1998)).

the imposition of Lindsey's sentence rather than its execution, making it inappropriate for a § 2241 petition. See supra p. 5.

Second, the Sixth Circuit has held that a claim under Apprendi v. New Jersey, 530 U.S. 466 (2000), a precursor to Booker, cannot be raised in a § 2241 petition. Bannerman v. Snyder, 325 F.3d 722, 723-24 (2003). The Sixth Circuit has explained that "[a] challenge to a sentence based on Apprendi cannot be the basis for an actual innocence claim under Martin [v. Perez]." Id. at 724. Likewise, because Lindsey has no valid argument that he is actually innocent, he cannot raise his Booker claim in a § 2241 petition.

Third, Lindsey has not attempted to demonstrate that the § 2255 remedy is inadequate or ineffective as to his Booker claim. In this case, Lindsey filed a § 2255 motion that raised his Booker claim. Lindsey does not attempt to explain why it is appropriate to commence a second lawsuit raising this issue.[2]

Because Lindsey is not entitled to invoke § 2241, "it appears from the application that the applicant or person detained

---

[2] The petitioner asserts, in a footnote, that "should the issue of retroactivity arise, the Court should take judicial notice of the fact that, in In re Gary William Holt, No. 05-9233, the issue of retroactivity of Booker is before the Supreme Court. Petitioner here has an interest in that case as he is incorporated therein as a party." Pet. at 6 n.3. There is no case currently pending before the Supreme Court involving Gary William Holt, who, like Lindsey, is incarcerated at FCI-Memphis. Moreover, even if the Supreme Court were to hold that Booker is retroactively applicable to cases on direct review, a § 2241 petition would not be the proper vehicle for obtaining relief on the basis of Booker.

is not entitled" to any relief. 28 U.S.C. § 2243.[3] An order for the respondent to show cause need not issue. The petition is DISMISSED.

Appeals of habeas petitions under 28 U.S.C. § 2254 and motions under 28 U.S.C. § 2255 are governed by 28 U.S.C. § 2253 and require the district court to consider whether to issue a certificate of appealability. Stanford v. Parker, 266 F.3d 342 (6th Cir. 2001); Lyons v. Ohio Adult Parole Auth., 105 F.3d 1063 (6th Cir. 1997). Section 2253 does not apply to habeas petitions by federal prisoners under § 2241. McIntosh v. United States Parole Comm'n, 115 F.3d 809, 810 (10th Cir. 1997); Ojo v. Immigration & Naturalization Serv., 106 F.3d 680, 681-82 (5th Cir. 1997); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). Nevertheless, a habeas petitioner seeking to appeal is still obligated to pay the $455 filing fee required by 28 U.S.C. §§ 1913 and 1917.[4] Under the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915, it is unclear how habeas petitioners establish a right to proceed in forma pauperis and avoid this filing fee.

Although the Sixth Circuit has concluded that the various filing fee payment requirements and good faith certifications of amended § 1915 do not apply to § 2254 cases, it has not resolved whether those requirements apply to § 2241 cases. Kincade v.

---

[3] As Lindsey is plainly not entitled to relief under § 2241, the Court will not address whether this petition is barred by ¶ 6 of the Plea Agreement.

[4] Effective April 9, 2006, the appellate filing fee increased from $255 to $455.

9

Sparkman, 117 F.3d 949, 951-52 (6th Cir. 1997); cf. McGore v. Wrigglesworth, 114 F.3d 601 (6th Cir. 1997) (instructing courts regarding proper PLRA procedures in prisoner civil-rights cases, without mentioning § 2241 petitions).

The Tenth Circuit, however, has held that the provisions of the PLRA do not apply to habeas cases of any sort or to § 2255 motions. See McIntosh, 115 F.3d at 810; United States v. Simmonds, 111 F.3d 737, 743 (10th Cir. 1997). An unpublished Sixth Circuit opinion has adopted this approach in affirming a decision from this district. Graham v. United States Parole Comm'n, No. 96-6725, 1997 WL 778515 (6th Cir. Dec. 8, 1997), aff'g Graham v. United States, No. 96-3251-Tu (W.D. Tenn. Dec. 4, 1996). Because the Court finds the reasoning of McIntosh persuasive, and that this conclusion naturally follows from the Sixth Circuit's decision in Kincade, the Court concludes that the PLRA does not apply to § 2241 petitions. Cf. Greene v. Tennessee Dep't of Corrections, 265 F.3d 369 (6th Cir. 2001) (certificate of appealability requirement is applicable to state prisoner bringing § 2241 petition).

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915(a)-(b), does not apply to appeals of orders denying habeas petitions. Kincade, 117 F.3d at 951. Rather, to appeal in forma pauperis in a habeas case, and thereby avoid the $455 appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant

10

to Federal Rule of Appellate Procedure 24(a). <u>Kincade</u>, 117 F.3d at 952. Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal <u>in forma pauperis</u>, the prisoner must file his motion to proceed <u>in forma pauperis</u> in the appellate court. <u>See</u> Fed. R. App. P. 24(a)(4)-(5).

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter is not taken in good faith, and leave to appeal <u>in forma pauperis</u> is DENIED. Accordingly, if petitioner files a notice of appeal, he must also pay the full $455 appellate filing fee or file a motion to proceed <u>in forma pauperis</u> and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.

IT IS SO ORDERED this 12th day of May, 2006.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE